IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
FEB 02 2001
CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD MANGONE, etc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 00-cv-881-MJR |
| | ) | |
| | ) | |
| FIRST USA BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AWARDING ATTORNEYS' FEES AND COSTS

**REAGAN, District Judge:**

Before the Court is Class Counsel's Application for an Award of Attorneys' Fees, Costs, and Incentive Fee. For the reasons set forth below, the Court finds that a percentage of the fund approach is appropriate and awards Class Counsel the sum of $2.5 million as its fees plus costs pursuant to the Settlement Agreement. The Court further awards the named plaintiff, Mr. Mangone, an incentive award of $7,500 to be paid out of the attorney's fee award.

Percentage of the Fund Approach

The Seventh Circuit has authorized the district courts to exercise discretion in using the percentage method to determine an appropriate fee award in common fund cases. *Harmon v. Lyphomed, Inc.*, 945 F.2d 969 (7th Cir. 1991). In *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566 (7th Cir. 1992) ("Continental Illinois I"), later proceeding, 985 F.2d 867 (7th Cir. 1993) ("Continental Illinois II"), the Seventh Circuit endorsed the percentage method of computing appropriate fee awards in class action common fund cases. Thus, "[t]he approach favored in the Seventh Circuit is to compute attorney's fees as a percentage of the benefit conferred upon the class." *Williams v. General Electric Capital Auto Lease*, 1995 WL 765266, *9 (N.D. Ill. 1995); *see also Long v. Transworld Airlines, Inc.*, 1993 WL 121824, *1 (N.D. Ill. 1993).

In the case at bar, the Court finds that the skill and efficiency with which this case has been handled and the magnitude of the recovery for the class recommends use of the percentage of the fund approach. *e.g. In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992). The Court also heard expert testimony at the final fairness hearing from Mr. John Baricevic, a practicing attorney in this judicial district with over twenty years of experience in general litigation and practice. Mr. Baricevic testified, and the Court agrees, that a percentage of recovery contingency fee is the customary fee charged by attorneys for comparable litigation in this judicial district. Thus, the Court believes that basing Class Counsel's fee award on a percentage of the settlement fund is appropriate.

Several objectors argued that Class Counsel's fee should be based on the total number of hours expended on this matter. The Court finds this to be an inappropriate way of determining a fee under the circumstances of this case. It is also unnecessary in light of the expert testimony at trial, the size and nature of the recovery obtained by Class Counsel's efforts, and the Court's decision to base a fee on the percentage of the fund approach. *e.g. Manual for Complex Litigation, Third*, §24.121, p. 199; *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000).

While the Court believes the percentage of the fund approach is appropriate in the case at bar, a case-by-case determination of the appropriate fee basis ought to be made. Different circumstances may dictate a different fee approach.

### Size of the Fund

Class Counsel has obtained a recovery for the Class worth $39.9 million in direct monetary relief. One objector argues that the attorney's fee should be based on the fund available to the class as opposed to the amount that will ultimately be paid to the class members. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480-81 (1980). This argument is to inopposite to the Supreme Court's

holding that common fund fees should be based on the size of the fund made available to the class and not on what is ultimately paid. The Court overrules this objection as contrary to the ***Boeing*** decision. In addition, the Court finds that even using the amount that will be paid to the class (currently over $12.5 million without considering costs of notice and administration or attorney's fees) supports the $2.5 million attorney's fee request.

The settlement also requires the *Defendants* to pay notice and administration costs and Class Counsel's attorney's fees and costs. Notice and administration costs are properly considered as part of the common fund because they would otherwise be borne by the plaintiffs. ***Manual for Complex Litigation, Third, §30.212; Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974)***. The same is true for separately negotiated attorneys' fees and expenses that a defendant agrees to pay. ***See Manual for Complex Litigation Third* (1995) at § 30.42, pages 239-40;** *see also **Federal Judicial Center's Awarding Attorneys' Fees and Managing Fee Litigation* (1995), at 65-66**. The evidence presented to the Court indicates that the notice and administration costs are expected to exceed $10 million. Based on the foregoing, the Court finds the common fund created by this litigation to be at least $49.9 million plus the $2.5 million fee awarded herein to Class Counsel.

<u>The Percentage Requested Is Reasonable.</u>

The Seventh Circuit has held that an appropriate manner of setting a fee is to award Plaintiffs' counsel the same percentage of the common fund as they could expect to get if they negotiated a percentage contingent fee contract with a private client in comparable commercial litigation. As Judge Posner emphasized in ***Continental Illinois I***:

> The object in awarding a reasonable attorneys fee. . . is to simulate the market. . . The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis with a similar outcome, for a paying client.

**962 F.2d at 572.**

Mr. Baricevic testified that the typical contingent fee contract in a comparable commercial case would provide for a 33⅓% to 40% fee. The Court is also aware that this is the typical contingency fee range in this market. In this case, Class Counsel requests an award of approximately 5% of the fund created by this litigation. This is well below the range of reasonableness, particularly in light of the complexities of the litigation, the nature of this lawsuit, and a settlement resulting in eligible Class Members recovering what is estimated to be 100% of their damages. ***Continental Illinois II*, 985 F.2d at 868**.

**IT IS ACCORDINGLY ORDERED THAT:**

1. Plaintiffs' motion for award of attorney's fees, costs, and incentive award (Doc. 84) is **GRANTED**;

2. Class Counsel are awarded attorney's fees in the amount of $2.5 million;

3. Class Counsel are awarded the costs they incurred this matter pursuant to the Settlement Agreement, and Defendants are directed to pay same; and

4. The Court approves, out of the attorney fee award, a $7,500 distribution to the named Plaintiff, for his time and expense in this matter.

**IT IS SO ORDERED.**

DATED this 2nd day of February, 2001.

_____
**MICHAEL J. REAGAN**
**United States District Judge**